### J. D. Spears *v.* The State.

1. Assault.—A threatening gesture, though made under circumstances indicating an immediate intent to commit a battery, does not constitute an assault unless it be coupled with an ability to inflict injury.

2. New Trial on the Evidence.—A new trial was refused below, and there is testimony supporting the conviction ; but such testimony was contradicted in its material features, and a decided and unmistakable preponderance of evidence disproves the *corpus delicti.* *Held,* that a new trial must be allowed.

3. Reasonable Doubt.—The evidence was conflicting, and the accused asked a charge presenting the doctrine of reasonable doubt. *Held,* error to refuse the charge, in view of such evidence.

Appeal from the District Court of Bexar. Tried below before the Hon. George H. Noonan.

The indictment was for assault with intent to murder A. J. Rhodes. The verdict found the accused guilty of a simple assault, and assessed against him a fine of $100.

Rhodes was the only witness for the state, and his testimony was somewhat vague and inconclusive. Two witnesses testified for the accused, and they concurred in contradicting the most material statements of the prosecuting witness.

*B. Coopwood*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. The appellant, after conviction, moved the court to grant him a new trial, for the reason that the verdict of the jury is contrary to the law as given by the court, and to the evidence before the jury.

On the trial below, the court was requested by the defendant's counsel to charge as follows : " If the jury have a reasonable doubt as to the guilt of the defendant, they will give him the benefit of it and acquit him."

From the evidence as we find it set out in the transcript we are of opinion the court should have granted a new trial on the grounds set out in the motion. Three witnesses testified on the trial ; the person upon whom the assault is alleged to have been made, and two others — one for the state and one for the defendant.

We have carefully examined the statement of facts without being able to discover that the defendant committed any assault upon the person of the prosecuting witness. Agreeably to the Penal Code, " any attempt to commit a battery, or any threatening gesture, showing in itself, or by words accompanying it, an immediate intention, coupled with an ability, to commit a battery, is an assault." The intention and the ability to inflict injury must concur, to constitute an assault.

We would hesitate to reverse a conviction supported by any uncontradicted testimony, when the court below had

refused a new trial; but when, as in this case, there is such an unmistakable preponderance of evidence in favor of the accused in the material points necessary to constitute an assault, we think the verdict should have been set aside.

The charge asked by the defendant, and refused, the accused was entitled to, and it was error to refuse it under the evidence.

. For these errors the judgment of the district court is. reversed and the cause remanded.

· *Reversed and remanded*.